# Supreme Court Decisions.

## VALIDITY OF STREET ASSESSMENT NOT AFFECTED BY SUBSEQUENT CHANGE IN JUDICIAL HOLDING.

SHOEMAKER ET AL V. THE CITY OF CINCINNATI ET AL.

Decided, June 23, 1903—68 Ohio State, p. 603.

*Owner of Land Assessed for Street Improvement—Not Entitled to Injunction Against Collection of Assessment—Because Legislation Similar to that Governing Present Assessment—Was Declared Unconstitutional—Assessment not Unlawful—Because Assessed by Abutting Foot—If Amount Does not Exceed Benefit.*

1. An owner of land, which has been assessed for the improvement of a street, is not entitled to an injunction restraining the collection of such assessment, where a statute in all material respects the same as the one under which the improvement was made and the assessment levied and the bonds of the municipality to pay the cost issued, had theretofore been adjudged valid by the highest court of the state, simply because similar legislation was held by the same court long afterwards to be in violation of the Constitution.

2. An assessment for street improvements, otherwise lawful, is not rendered invalid because assessed in terms by the abutting foot where it appears that the amount of the assessment did not exceed the special benefit to the land. *Schroder* v. *Overman*, 61 Ohio St., 1; *Walsh* v. *Barron*, same vol., 15; *Walsh* v. *Sims*, 65 Ohio St., 211.

Error to the Circuit Court of Hamilton County.

The action below was begun July 15, 1901, in the Court of Insolvency of Hamilton County by the plaintiffs in error against the city and the auditor, to enjoin the collection of an assessment for the improvement of Mercer street which had been levied on a lot

owned by them on the corner of Vine and Mercer streets. It was shown by the petition that the ordinance providing for the improvement was passed by the board of legislation of the city, February 8, 1897, and the ordinance providing for the payment of the costs, the issuing of the bonds, and the levying of the assessments, being "levied and assessed on each abutting foot of the several lots of land bounding and abutting on Mercer street from Vine street to Walnut street," was passed by the board of administration October 12, 1897. The plaintiff had paid the installments for the years 1898, 1899 and 1900, and it was to restrain the collection of the balance that suit was brought.

The answer of the city contained the following averment, viz.:

"Further answering, the defendant says that the said assessment levied as described in the petition is in proportion to the special benefits conferred by the improvement of Mercer street on said property of the plaintiffs and each abutting foot thereof upon which said assessments were levied; that said assessments levied upon said property and each abutting foot thereof, are not in excess of the special benefits conferred upon said property and each abutting foot thereof; that said benefits do, in fact, as to said property, and each abutting foot thereof, fully equal the assessments levied thereon, and as to each parcel of land and each abutting foot thereof upon which the assessments for said Mercer street were levied, the assessments are in proportion to the special benefits conferred thereon by said improvement of said street."

In the insolvency court a demurrer to this answer was sustained and judgment awarded plaintiffs. On error the circuit court reversed this judgment and remanded the cause. The plaintiffs ask the reversal of the last judgment and affirmance of that of the court of insolvency.

*Charles B. Wilby* and *Charles E. Tenney,* for plaintiffs in error.

*Charles J. Hunt* and *Albert H. Morrill,* City Solicitors, for defendants in error.

SPEAR, J.; BURKET, C. J., DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

Plaintiff's action was based upon Section 5848, Revised Statutes, which confers jurisdiction to enjoin the illegal levy or collection of taxes and assessments, and the grounds on which this assessment is claimed to be illegal are two. One that the statute under which

the assessment was made, being Section 2264b, Revised Statutes, is unconstitutional in that it deals with a subject of a general nature and has not a uniform operation throughout the state; in other words, that it applies only to Cincinnati. The other, that the method of assessment, being by the abutting foot instead of according to benefits, renders the assessment void; but no claim is made that there is any want of notice of intention to improve, nor any irregularity in the passage of the resolutions or ordinances providing for the improvement.

We think neither proposition can be maintained. It is true that the section referred to is obnoxious to the late rulings of this court condemnatory of special legislation, but that conclusion by no means concludes the inquiry. The section, or the act of which it is a part, repeals former laws upon the subject, and if the act in the particular complained of be unconstitutional the repealing clause, by a well understood rule, would also fall with it. It can not be important to pursue this inquiry in detail and thus settle upon the next preceding act which would meet the present view as to uniform operation. It is enough to say that the original municipal code, in its provision for special assessments, 66 O. L., 245-247, provides generally for street improvements "by any city or incorporated village"; and while the specific steps there provided are not precisely the same as those enjoined by the later acts including the act in question, yet the substance is the same. The later ones equally protect the rights of the land owner; and in this inquiry we are to be controlled by substantial considerations and not by mere technicalities. Sections 2289 and 2327, Revised Statutes.

But another consideration sufficiently answers the proposition. This improvement was made in the year 1897. Prior to that date legislation in its essential features identical with that which is here assailed had been distinctly sustained by the courts upon a full consideration of the precise objection which is here urged. The case of *Scheer* v. *Cincinnati,* brought to enjoin a street assessment, decided by the Superior Court of Cincinnati in 1885, involved an inquiry into the validity of the act of April 25, 1885 (82 O. L., 156), which was supplementary to Section 2293, Revised Statutes. The act authorized the improvement by paving with granite blocks, etc., streets in cities of the first grade, first class, and the holding was (opinion by Harmon, J.), that it was not invalid by reason of

Section 1, Article XIII, or of Section 26, Article II, of the Constitution; and the assessment was sustained. That case was prosecuted by plaintiff to this court, and the judgment of the superior court affirmed January 19, 1886 (15 L. B., 66). This holding was cited approvingly and the principle involved affirmed in *State* v. *Hudson,* 44 Ohio St., 137, and repeatedly reaffirmed by decisions of this court, and remained the law of the state until the decisions involving the government of the cities of Toledo and Cleveland, announced June 26, 1902 (*State* v. *Jones,* 66 Ohio St., 453; *State, ex rel,* v. *Beacom,* 66 Ohio St., 491). So that the inquiry comes finally to this: Is the owner of property which has been assessed for the improvement of a street entitled to an injunction restraining the collection of such assessment where a statute in all material respects the same as the statute under which the improvement was made and the assessment levied, and the bonds of the municipality to pay the cost issued, had been theretofore adjudged valid by the highest court of the state, simply because similar legislation was held by the same court long afterwards to be in violation of the Constitution? We answer the question unhesitatingly in the negative.

It is a principle of universal application that a cause of action once finally determined between parties by a competent tribunal can not afterward be litigated between the parties or their privies by a new proceeding. It is the principle of *res judicata.* It rests not only on the private rights of the parties, but is a principle of public policy, having been characterized as a "fundamental concept in the organization of civil society." *Jeter* v. *Hewitt,* 22 How., 352. It is equally well settled as a general proposition, admitting, however, of exceptions, that courts will adhere to and follow decisions of the highest court of the jurisdiction where the same points come again in litigation; and the rule is of universal application where the law has become settled as a rule of property, by reason of such earlier decisions, and rights have become vested on the faith of them. This is the doctrine of *stare decisis.* The broad principle lying at the base of both of these rules is embraced in the translation of the term *res judicata,* viz., "That the matter has been decided." So that if a matter or point in issue has been decided in such a way as to bind the parties to the new action, whether they were parties to the former suit or not, and whether, where the validity of a statute is involved, the precise statute

was in question or not, the former decision will control. Such is the case we have. The city's bonds have been issued to pay for the improvement, and such as have not been paid are held by innocent investors, and thus property rights and liabilities have grown up and become fixed beyond change on the faith of the decisions of this court upon the precise question which is involved in this inquiry; and the decisions do, for the reasons stated, bind all persons affected by the street improvement thus made. It would be glaring injustice to the city and its general tax-payers to now hold that the acts of public agencies which carried on governmental functions by the authority and upon the faith of those decisions were invalid, even though, were the question presented in a way to affect only new conditions, a contrary holding would be imperative.

The underlying principle presented is not dissimilar from that involved in the *City of Cincinnati* v. *Taft,* 63 Ohio St., 141. There was present in that case a question as to the constitutionality of an act supplementary to that which authorized the issue of bonds for the construction of the Cincinnati Southern Railway. This act, if it were new legislation, would be now condemned as unconstitutional; but it having been sustained by the decision in *Walker* v. *Cincinnati,* 21 Ohio St., 14, the court held in the Taft case, without regard to the constitutional question, that:

"An act of the General Assembly to authorize a municipality to issue bonds for the construction of a public improvement having been adjudged by this court to be constitutionally valid, and the bonds having been thereafter sold and the improvement made, the court will follow the former decision as to the validity of supplementary acts relating to the renewal or extension of such bonds."

It would appear that this branch of the present case might be disposed of on the authority of that case.

Nor is the assessment invalid because made in terms by the abutting foot instead of in terms according to benefits, the record showing that the assessment did not exceed the special benefit to the land. *Schroder* v. *Overman,* 61 Ohio St., 1; *Walsh* v. *Barron,* same volume, 15; *Walsh* v. *Sims,* 65 Ohio St., 211.

*Judgment affirmed.*