### MARY H. BENHAM v. CINCINNATI.

1. COURT MAY HEAR EVIDENCE AS TO SPECIAL BENEFITS FROM STREET IMPROVE-MENTS.

> The court has power to hear evidence as to the amount of special benefits when the collection of assessments, made against property abutting on a street improvement to pay the cost thereof, is sought to be enjoined.

2. FINDING OF BENEFITS BY ASSESSING BOARD PRIMA FACIE CORRECT—NOT DIS-TURBED, WHEN.

> A finding of benefits by the assessing board, and the making of an assess-ment on that basis against properly abutting on a street improvement to pay the cost thereof, is *prima facie* correct, and will not be lightly disturbed or inquired into when plaintiff, in an action to enjoin the collection of the assessment, fails to allege some of the grounds usually invoking equitable intervention.

ERROR to court of common pleas of Hamilton county.

F. M. Coppock, A. T. Brown and O. W. Kuhn, for plaintiff.

Chas. J. Hunt and J. V. Campbell, for defendant.

JELKE, J.

The conclusion reached in Thornton v. Cincinnati, *post* 33, is appli-cable to this case also.

As to the power of the lower court to hear evidence as to the amount of special benefits, we said in the case of Cincinnati v. Shoemaker, 25 O. C. C. 256, 257: "If the benefits conferred are equal to the assessment, there is nothing to move a court of equity to intervene by injunction." This was approved by the Supreme Court.

Of course a court cannot make the finding and decree an injunction on that ground without hearing evidence as to the special benefits.

A corollary of the above is that a trial court may hear evidence of special benefits, find the same, and then say that up to this point we will not enjoin, beyond it we will, which is practically fixing the assess-ment. See Schroder v. Overman, 61 Ohio St. 1 [55 N. E. Rep. 158; 47 L. R. A. 156]; Walsh v. Sims, 65 Ohio St. 211 [62 N. E. Rep. 120]; Shoemaker v. Cincinnati, 68 Ohio St. 603.

Where, however, the assessing board has made a finding of benefits and has made the assessment on that basis, such finding and assessment are *prima facie* correct, and should not lightly be disturbed or inquired into in the absence of allegations of some of the grounds usually invok-ing equitable intervention.

Giffen and Swing, JJ., concur.