## WHEN AN UNCONSTITUTIONAL LAW IS VALID.

Circuit Court of Cuyahoga County.

WM. F. BETZ ET AL. v. JOHN I. NUNN, AS TREASURER OF CUYAHOGA COUNTY, OHIO.

Decided, October 27, 1905.

*Constitutional Law—Proceedings Under an Unconstitutional Law May be Valid, When.*

Proceedings under laws of general nature which are made to apply only to a certain locality are not invalid where laws applying to the whole state contain the same provisions as the laws in question.

*M. W. Cope,* for plaintiff.

*C. W. Stage,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiffs are the owners of real estate in what is known as Sewer District No. 24 in the city of Cleveland, and brought their action against the treasurer of Cuyahoga county to restrain him from collecting an assessment of five mills on the dollar on their said property, for sewer district purposes.

The case was heard on appeal and the only reasons urged as ground for the relief prayed for are that said Sewer District No. 24 was created on November —, 1901, under an unconstitutional statute, and the assessment or levy was made in April, 1902, under a like unconstitutional statute. The two laws referred to are Section 2406, sub-sections 1 to 36 inclusive, referring to the creation of sewer districts and taxation for sewer purposes, and Section 2689a, limiting levy for sewer district purposes to five mills on the dollar. Both these acts refer specially to Cleveland and are said to be in contravention of Section 26, Article II of the Constitution, by reason of the fact, it being claimed that they are laws affecting matters of a general nature which should have uniform operation throughout the state.

We find it unnecessary to pass upon the constitutionality of these special acts, even conceding that they might be viewed

as unconstitutional in the light of more recent decisions of the Supreme Court.

The former act, Section 2406, sub-sections 1 to 36, was before the Supreme Court in the case of *Hayes & Sons* v. *City of Cleveland,* 55 O. S., 117, in 1896, and not then held unconstitutional.

This act was passed April 16, 1883, and is entitled "An act to provide for the construction and repair of sewers in cities of the second grade of the first class" (80 O. L., 143). Its provisions apply to no other city than Cleveland.

Sections 1 and 5 of this act provide that the board of improvements in Cleveland shall devise a plan of sewerage and divide the city into sewer districts. These two sections are identical with general laws then in force, applying to all cities and villages, and then known as Sections 2366 and 2370 of the Revised Statutes, originally Sections 602 and 603 of the old municipal code, found in 66 O. L., 251, which were not repealed by the special law for Cleveland, unless it be by the implication that the later special law superseded the old law.

Under a familiar rule of construction applied in the case of *Shoemaker* v. *City of Cincinnati,* 68 O. S., 603 and 609, if this special law for Cleveland is unconstitutional, its enacting clause is unconstitutional and leaves the old law in force for Cleveland, with full authority under the general law in the council of the city of Cleveland to create Sewer District No. 24, in the manner stated in the petition.

So, too, as to the second law complained of, Section 2698*a,* as amended May 10, 1902 (95 O. L., 508), it is said that this act provides for the levying of an assessment of five mills on the dollar for sewer purposes within the city of Cleveland, and is unconstitutional not only because in contravention of Section 26, Article II, already referred to, but because it is contrary to the provisions of Section 2, Article XII, which provides that laws shall be passed, taxing by uniform rule, all real and personal property.

We do not find that authority for the levying of the tax or assessment here complained of in the section just referred to. The only part of that section applicable to this case reads as follows:

"The aggregate of all taxes levied or ordered *  *  * shall not exceed in any one year, in cities of the second grade of the first class (Cleveland) *  *  * for sewer purposes five mills."

That is a limitation upon the general statute then in force, Section 2683, which reads in part as follows:

"In addition to the taxes specified in the last section (for general purposes) the council in such city and village may levy taxes, annually, for any improvement authorized by this title, and for the following purposes:
"20. For the construction and repair of sewers, drains and ditches, and where the corporation is divided into sewer districts, the levy shall be by sewer districts."

Other general laws provide for sewer district bonds, sinking fund and levies therefor by sewer districts.

We apprehend that the levy in Sewer District No. 24 complained of, was under authority of the general statutes applying to all cities, and if the limitation of such levy to five mills attempted by the act of May 10, 1902, is unconstitutional, such limitation in nowise affects the validity of the levy which happens to be just five mills, the limit so unconstitutionally provided.

The petition is dismissed.