Murphy v. Sims.

## 'ASSESSMENTS—CONSTITUTIONAL LAW—ESTOPPEL.

[Franklin (2nd) Circuit Court, November 4, 1905.]

Wilson, Sullivan and Dustin, JJ.

MARGARET MURPHY v. NELSON SIMS, TREAS., ET AL.

PETITIONER FOR IMPROVEMENTS BY FOOT FRONTAGE, ESTOPPED TO ATTACK CONSTI-
TUTIONALITY OF STATUTE, OR ASSESSMENT BECAUSE IN EXCESS OF BENEFITS.

   A petitioner for certain improvements to be made under favor of a statute
   providing for the assessment of the cost on a basis of frontage will be
   estopped to complain of the illegality of the assessment, on the ground
   that it was in excess of the special benefits conferred, or that it was
   made under an unconstitutional statute.

APPEAL from Franklin common pleas court.

Ulric Sloane, for plaintiff.

Dyer & Williams, for defendant.

SULLIVAN, J.

   This cause is pending here on exceptions to the master's report as
well also on motion to confirm the same.

   The master in his finding of fact made no finding, upon the claim
made, that plaintiff had signed the supplemental petition, dated Febru-
ary 6, 1892. Upon the point as to whether she had actually participated
in the promotion of the improvement, he found she had signed the peti-
tion dated September 1, 1892, in which she waived all claim for dam-
ages by reason of said improvement, and that an assessment would be
made against the abutting property which would include her property.
There are other findings of fact, but the above are all we think necessary
to be considered upon the exceptions. As the master found that plain-
tiff had signed the petition of September 1, 1892, asking that a change
be made in the grade, for the reasons therein stated, and that plaintiff
knew that the work was being done, and that her property would be as-
sessed, it was unnecessary to find whether she had signed the supple-
mental petition of February 6, 1892, to support the conclusion, that she
had actually participated in the promotion of the improvement.

   We do not think the facts found sufficient to support the conclu-
sion of the master upon this point, and therefore it is necessary for the
court to determine from the testimony, whether the plaintiff signed the
supplemental petition of February 6, 1892. She is positive she signed
no paper, relative to the improvement, except one signed by her sister,

and we think it is because her sister's name is not to this paper, that she claims she did not sign it.  Her attention had not been called to the fact of her name to this paper until the trial below, and the lapse of time furnished, we think, ample reason for forgetting it, if she had signed it. No motive is shown in any other person to sign her name to it.  At the time, this controversy could not have been in contemplation—no controversy over assessments that could have suggested to anyone that her signature to the paper would become important.

The petition had a sufficient number of names to confer jurisdiction under the statute and authorize the commissioners to proceed.  Hence all that the parties had in contemplation at the time could as well be accomplished without her name as with it.  There was no reason—at least none is made to appear—why anyone should attach her name, but herself.  It cannot be said to be unusual to forget such a fact, especially when as in this case, there was no imperative reason why the fact should be fixed in the mind for the purpose of remembering it.  For no reason was it required  she should remember it.  Our opinion is, she signed it and has forgotten it.  We recall counsel's oral argument, to concede as much.  This supplemental petition asked for all contained in the original, and in addition that the sidewalks be graded, as provided for in the so-called Taylor law.  The commissioners took no action in the matter until after the supplemental petition was filed and then acted upon both, as one petition.  Plaintiff was, therefore, an active participant in the promotion of the improvement.  So far as doing the work was concerned, she obtained the improvement as prayed for in the supplemental petition, as well as that asked for in the original petition.

It is contended by plaintiff's counsel that, admitting all these facts, the plaintiff may still challenge the assessment as to the excess of special benefits, which question is one of fact, and her counsel claims the testimony clearly shows that the amount of the assessment is in excess of special benefits.  The leading case cited and relied upon by plaintiff's counsel in support of this claim is that of *Birdseye* v. *Clyde* (*Vil.*), 61 Ohio St. 27 [55 N. E. Rep. 169].  It was there held "to be the general policy of the legislation to restrain the power of local assessment, by fixing a limit  *  *  *  beyond which municipal corporations may not go."  This policy is the same without doubt as to all local assessments, unless the contrary clearly appears.  An intention to adhere to that policy will be presumed, in the enactment of particular statutes relating to local assessments, and a construction given them. if possible, allowing the application of the general limitations.

In the application of this rule to the statutes to be construed in

that case, it was held that a party petitioning for the improvement, thereby consenting to the raising of a certain proportion of its cost by assessment on all the abutting property, was not estopped to maintain an action for an injunction, restraining the collection of the amount of said assessment in excess of special benefits. The assessment in that case, as in this, was by the foot front and the contention of Birdseye was, that notwithstanding it was by that method, yet the limitation providing that an assessment for such an improvement could not exceed 25 per cent of the taxable value of this property, applied.

The statute under which the assessment was made in that case provided that such assessment by the foot front should be made on the abutting property "as provided by the laws of the state of Ohio." By this provision, some of those of the general statutes of the state relating to assessments for local improvement were incorporated into, and became a part of, the special act and intended to govern assessments under the act. It was for this reason, fully set out in the opinion, that the owner had the right to presume that the assessment would be made, according to the provisions of said statutes, and hence he was not estopped from maintaining his action to enjoin any assessment in excess of the amount provided in the provision of former statutes incorporated into the special act.

Section 6 of the statute here under consideration provides that the assessment shall be by the foot front upon the abutting property, not exceeding a depth of 250 feet, etc., in accordance with the provisions of law now enacted or hereafter enacted, applicable thereto, *"and not inconsistent with this act,"*—very unlike the special act under consideration in *Birdseye* v. *Clyde* (*Vil.*), *supra.* To make the assessment upon the basis of the taxable value of the property, would be inconsistent with the provisions of the act, as the plaintiff is one of the petitioners, and thereby active in the promotion of the improvement, knowing that her lands would be assessed, for a part of the costs and expenses to the amount found by the commissioners per foot front. Such conduct and knowledge on her part would now make it inequitable to others if she were allowed to complain of the illegality of the assessment because the statute under which the proceedings were had was unconstitutional, or that the assessment was in excess of special benefits. *Shepard* v. *Barron*, 14 O. F. D. 417 [194 U. S. 553; 24 Sup. Ct. Rep. 737; 48 L. Ed. 1115].

At the time the proceedings were instituted and the improvement made, a law of a similar nature was held to be constitutional, in the case of the *State* v. *Franklin Co.* (*Comrs.*) 35 Ohio St. 458. The

Franklin County.

fact that similar laws were long afterward held to be unconstitutional would not entitle her to the remedy by injunction. *Shoemaker* v. *Cincinnati,* 68 Ohio St. 603 [68 N. E. Rep. 1].

The exceptions to the master's report are therefore sustained, and as a consequence motion to confirm is overruled, and plaintiff's petition is dismissed at her costs.

**Wilson** and **Dustin, JJ.,** concur.