*FIFTH NAT. BANK OF CINCINNATI V. CINCINNATI ET AL.

ILLEGALITY OF ASSESSMENT EXCESS DOES NOT ATTACH TO PETITIONED IMPROVEMENT.

> The limitations of original Sec. 2271 Rev. Stat. and Sec. 53 of the new municipal code (Lan. 3604; B. 1536-213), making assessments for municipal improvements in excess of 33 1-3 per cent in five years illegal, does not apply to assessments for the cost of a particular improvement made upon petition of abutting owners therefor. But if other assessments for improvements later added to those for the petitioned improvement, exceed in the five year period the statutory limitation, the illegality attaches to the later assessments and the collection of the excess will be enjoined.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 442, 446, 447, 583, 587.—Ed.]

---

*This decision overrules *Punshon* v. *Cincinnati,* 11 Dec. Re. 490 (27 Bull. 155).

Bank v. Cincinnati.

**W. F. Chambers,** for plaintiff.

**E. M. Ballard,** for defendants.

PER CURIAM.

In 1899 Henry Moemke was the owner of lot 89 situate at the corner of Mansion place and Myrtle place in Price Hill, being 37.50 feet on Myrtle avenue, 135 feet on Mansion place, and signed a petition for the improvement of Mansion place and for the assessment of the whole cost of such improvement, except 2 per cent and cost of intersection. The amount of the assessment, including interest, is $400.90.

An ordinance to improve Myrtle place was passed August 8, 1904, and the assessing ordinance was passed July 17, 1904; this assessment with interest amounts to $389.99. On September 12, 1904, the lot was assessed for a sidewalk in Mansion place in the sum of $64.45, which has been paid.

On June 3, 1907, the lot was assessed for a sewer in Mansion place in the sum of $99.88, which has been paid. It is agreed that the property is worth $1,725. The plaintiff is now the owner of the lot and prays that the assessments be reduced to the amount allowed by statute and for an injunction.

The lot owner having signed a petition for the improvement of Mansion place and for an assessment of the cost thereof is not entitled under original Sec. 2272 (see Lan. 3613; B. 1536-222) Rev. Stat., then in force, to the benefit of any statutory limitation upon the power of assessment for that improvement, although such petition was not subscribed by three-fourths in interest of the owners and although legislation similar to original Sec. 2272 Rev. Stat. has since been held by the Supreme Court to be unconstitutional. *Shoemaker* v. *Cincinnati*, 68 Ohio St. 603 [68 N. E. Rep. 1]. It does not follow, however, that the owner of the lot, by signing the petition, waived his right (1) to have such assessment added to later assessments, levied upon the same lot within a period of five years, and (2) to ascertain whether the total exceeds 33 1-3 per cent of the actual value thereof after improvement is made, as provided in Sec. 53 of the municipal code as amended April 2, 1904 (97 O. L. 126; Lan. Rev. Stat. 3604; B. 1536-213).

He did not then know and could not anticipate what improvements would be made or what assessments would be levied within the statutory period. Besides Sec. 53 of the municipal code expressly provides that "in no case shall there be levied upon any lot or parcel of land in the corporation any assessment or assessments for any or all purposes, within a period of five years, exceeding 33 1-3 per cent of

the actual value thereof,'' which provision admits of no exception, other than when a petition is signed and presented, and then only to be applied to the particular improvement asked for, or when otherwise waived; but he could not escape payment for the improvement in accordance with the petition even though the assessment exceeded the limitation then in force (Sec. 2271 Rev. Stat.), or that now in force (Sec. 53 of the municipal code; Lan. 3604; B. 1536-213). The illegality attaches to the later assessments levied within a period of five years, and not to the original assessment authorized by petition. The Myrtle place assessment was legal to the extent of $174.10, which together with the assessment for improvement of Mansion place equals 33 1-3 per cent of the actual value of the lot. The collection of the excess of the Myrtle place assessment, amounting to $215.89, will be enjoined. Such illegal assessments as were voluntarily paid cannot be recovered, nor set off against those that remain unpaid. *Wilson* v. *Pelton*, 40 Ohio St. 306; *Brooks* v. *Norwood*, 4 Circ. Dec. 271 (12 R. 257).