BALLARD v. THE STATE, EX REL. CAMPBELL,
PROS. ATTY.

*City solicitor—Moneys paid by county commissioners recover-*
*able, when—Compensation received by assistant city solici-*
*tor as police prosecutor.*

Money which has been appropriated by county commissioners
to pay the prosecuting attorney of police court of a city
to render services for the county in cases in which it is
interested, and which has been paid to the city solicitor as
prosecuting attorney of the police court, may be recovered
back by the county, where the services for which the
money was appropriated were not performed by such solic-
itor but were performed by an assistant of the city solicitor
who was appointed and designated to act as prosecuting at-
torney of the police court, and who, as such, performed the
duties of the position and recovered compensation therefor
from the county.

(Decided June 4, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Littleford & Ballard,* for plaintiff in
error.

*Mr. Charles S. Bell,* prosecuting attorney of
Hamilton county, and *Mr. Chester S. Durr,* assist-
ant prosecuting attorney, for defendant in error.

CUSHING, J. Edward M. Ballard was elected
city solicitor of the city of Cincinnati in 1907, and
assumed that office January 1, 1908. He appointed
John M. Thomas, Jr., an assistant city solicitor,
designated to act as prosecuting attorney of the
police court. Thomas served in that position for,
and during the years 1908 and 1909.

Under Section 1536-663, Revised Statutes, the law in force at that time, the county commissioners of Hamilton county appropriated $800 per year to pay the prosecuting attorney of the police court of the city of Cincinnati to render services for the county in cases in which it was interested.

In 1908 warrants were issued on the county treasurer to said Thomas for $200, which money he drew. Thereafter, Ballard demanded that the money be paid to him, as he was the prosecuting attorney of the police court, and Thomas, an assistant, merely designated to act as prosecuting attorney for such court. The board of county commissioners and the officers of Hamilton county paid to Ballard for the remaining part of the year 1908, and the year 1909, the sum of $1,400, the balance of the $1,600 appropriated by the county for the two years in question. Ballard did not pay any part of the $1,400 to Thomas.

In 1912, Thomas brought an action against the board of county commissioners of Hamilton county to recover the balance he claimed to be due him for the years 1908 and 1909, as payment for the services he rendered to the county. That case was taken to the Supreme Court of Ohio, and is reported in 88 Ohio St., 489. The Supreme Court held:

"An assistant city solicitor who was designated by the city solicitor to act as prosecuting attorney of the police court under the authority conferred by Section 1536-663, Revised Statutes, then in force, and who pursuant to such designation performed the duties of the position referred to, was entitled to receive the compensation allowed by law for such services."

The cause was remanded to the court of common pleas with instructions to enter a judgment for Thomas for the amount claimed. This was done, and he was paid the money.

Ballard had collected the full amount, and now claims that the money was paid to him under a construction of Section 1536-663, Revised Statutes, in the case of *State, ex rel. Northup*, v. *Davies,* 10 C. C. (N. S.), 517, affirmed by the Supreme Court, without report, in February, 1909, and that recovery cannot be had against him because the county commissioners and county officials of Hamilton county paid the money under a judicial construction of the statute and the money being paid pursuant to that construction of the statute was legally paid. In support of his contention he cites *Douglass* v. *Pike County,* 101 U. S., 677, to the effect that the settled judicial construction of a statute, so far as contract rights were thereunder acquired, is as much a part of the statute as the text itself, and a change in the decision is the same in its effect on pre-existing contracts as a repeal or amendment by legislative enactment.

We do not understand that any contract rights are involved in the case at bar. The county commissioners were authorized to make allowance to the prosecuting attorney of the police court to look after the county's business. The mere fact that under the statute the solicitor was charged with the duty of the position of police court prosecutor, and was authorized to name an assistant to act as prosecuting attorney of that court, does not create a contract for services between the city solicitor and the county. The commissioners were making an allowance for a particular service. The

money was appropriated and paid for the purpose of compensating the person that represented the county in its litigation. The claim that Ballard, as solicitor, had a binding contract with the county is not tenable. He was a city and not a county official, and was so elected. He did not render any service for the county. He construed the action of the county to be that the money was to be paid to the city solicitor, and that it charged him with the duty of looking after the county's business in the police court, and relied on the case of *State, ex rel. Northup,* v. *Davies, supra,* to support his claim that notwithstanding the appointment of an assistant to discharge the duties of police court prosecutor he was *ex officio* such police court prosecutor and entitled to the money. That question was decided by the Supreme Court. Judge Johnson, writing the opinion, in the case of *Thomas, Jr.,* v. *Commissioners, supra,* said, at page 493:

"The contention here is that as the statute enacts that the solicitor shall *be* prosecuting attorney, the status is not changed by the exercise of the authority conferred upon him in the proviso to designate an assistant to *act* as prosecuting attorney. Having in view the purpose of the legislation, the prior state of the law and the duties of the office, we think it is apparent that this statute was passed for the purpose of providing for the selection of the official named, and that when the city solicitor designated one of his assistants to act as prosecuting attorney he clothed the designated person with all the attributes of the office."

In another part of the opinion, at page 494, this is said:

"This proviso [to designate an assistant], we think, was intended to enable the city solicitor to wholly separate himself from the duties of the office of prosecuting attorney. of the police court, and in effect to make an appointment to that position. * * * Manifestly the legislature intended that the one performing this service should receive the compensation. The language of the statute is 'shall receive for his service such compensation.' "

The facts in the case at bar do not warrant the application of the principle of law that contract rights, secured under a judicial construction of a statute, cannot be affected by a subsequent change of such judicial construction, or that such change of interpretation will not be held retrospective. *Shoemaker* v. *City of Cincinnati*, 68 Ohio St., 603, 613; *Metzger* v. *Greiner*, 9 C. C. (N. S.), 364; *East Ohio Gas Co.* v. *City of Cleveland*, 106 Ohio St., 489.

Ballard claims to have had a contract with the county. He did not have a contract by reason of his election as city solicitor. If we are to determine the question of the meeting of the minds of the parties, or Mr. Ballard's mental attitude from his acts, we are impelled to the conclusion that he looked upon the appropriation in question as an additional compensation to him as city solicitor. The county did not pay the money with that under-. standing. His compensation as city solicitor was fixed by law.

On the other hand, the county appropriated and paid money for a particular purpose, to secure definite services. Mr. Ballard did not render those services. It would be difficult to determine what, if any, consideration moved from Mr. Ballard to

the county, if this is to be considered as a contract. In the case of *Thomas, Jr.,* v. *Commissioners, supra,* the Supreme Court held that it was the intention of the commissioners to pay the person who performed the services for the county. That case also determined that Mr. Thomas rendered the services, and inferentially that Mr. Ballard did not perform them.

Mr. Ballard also claims that money paid under a mistake of law cannot be recovered. Numerous authorities are cited in support of this contention. Most if not all of the cases relied on in support of this contention were decided prior to the decision in the case of *Vindicator Printing Co.* v. *State,* 68 Ohio St., 362, and are distinguishable from the case at bar. In the *Printing Company case,* the court held that money paid under mistake of law for illegal advertising could not be recovered by the county. The Sheriff of Mahoning county contracted for the publication of his election proclamations. There was an excess of publication. The county commissioners authorized payment, and the county officers paid the printing company. It was held that the board was without authority to allow such claim, but as it had been paid by the treasurer, on the warrant of the auditor, the prosecuting attorney could not maintain an action to recover back the money, in the absence of both fraud and mistake of fact. The contracts with the printing company, with the exception of one item, were made prior to April 25, 1898. At the time these contracts were entered into and the money paid there was no statute authorizing the prosecuting attorney to maintain an action to recover back money so illegally drawn from the treasury, and the Supreme Court held that in the absence of such

App.]              Ballard v. State, ex rel.

authority he could only maintain an action to recover back payments made after April 25, 1898. On that day, the General Assembly passed a law authorizing the prosecuting attorney to "apply by civil action in the name of the state to a court of. competent jurisdiction to  *  *  *  recover back for the use of the county all such public moneys so misapplied or so illegally drawn  *  *  *  from the county treasury."

In the case at bar, the prosecuting attorney was authorized to maintain an action to recover the money so drawn by Mr. Ballard. He did not render the service for which the money was paid, and the Supreme Court having held that Thomas was entitled to the money, and a judgment having been so entered, it is difficult to understand how Mr. Ballard can keep the money he drew from the county.

In *Cleveland* v. *Luttner,* 92 Ohio St., 493, it was held that the relation between a city officer and a city was one of contract. Mr. Ballard was not a county officer, and, therefore, no contractual relation would exist between Mr. Ballard and the county, unless Mr. Ballard performed the services for which the money was paid.

Our conclusion is that the county commissioners appropriated the money and it was paid by the county treasurer for a definite service to be rendered the county in the police court of the city of Cincinnati, and that Mr. Ballard not having performed such service may not now retain the money he drew for that purpose.

*Judgment affirmed.*

BUCHWALTER and HAMILTON, JJ., concur.